IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 10-39-LPS |
| | ) | |
| LORENZO GIL-DELACRUZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

WHEREAS, on February 1, 2011, Defendant pled guilty to possession with intent to distribute five grams or more of a mixture and substance containing cocaine base, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (D.I. 14);

WHEREAS, the statutory penalties require this Court to impose at least a 60-month mandatory minimum term of incarceration for an offense involving 28 grams or more of a substance containing cocaine base, *see* 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii);

WHEREAS, the Presentence Report ("PSR") stated that Defendant possessed with intent to distribute 131 grams of cocaine base (PSR at 6 ¶ 23);

WHEREAS, there was no objection to the Presentence Report;

WHEREAS, at the sentencing hearing on September 14, 2011, the Court adopted the Presentence Report as written (Tr. at 5);

WHEREAS, the Presentence Report and the Court calculated the Defendant's sentencing guideline range as advising a term of incarceration of between 63 and 78 months (D.I. 43 at 5);

WHEREAS, defense counsel acknowledged that the Presentence Report's

1

guidelines calcluation was prepared "pursuant to the retroactive crack cocaine amendment reduction under U.S.S.G. 2D1.1" (D.I. 43 at 5; *see also* D.I. 34 at 4 n.1);

WHEREAS, at the sentencing hearing, the Court carefully considered the sentencing guidelines and the factors set forth in 18 U.S.C. § 3553(a) and imposed a sentence of 60 months incarceration (D.I. 38);

WHEREAS, on June 1, 2012, Defendant filed a *pro se* Motion for Retroactive Application Of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582 (D.I. 44) ("Section 3582 Motion");

WHEREAS, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(a)(l) & (c), the Office of the Federal Public Defender for the District of Delaware was appointed to represent Defendant in seeking a sentence reduction in accordance with the revised offense levels for cocaine base pursuant to U.S.S.G. § 1B1.10, Amendment 750, effective November 1, 2011 (D.I. 57);

WHEREAS, Defendant (through counsel) now argues that he should not have been subject to a 60-month mandatory minimum sentence because the criminal Information to which he pled guilty charged him with possession with intent to distribute five grams or more of crack cocaine, not the 28 grams or more of crack cocaine required to trigger the statutory mandatory minimum sentence (D.I. 59 at 6-7);

WHEREAS, the Court having considered the parties' arguments regarding Defendant's Section 3582 Motion;

IT IS, THEREFORE, HEREBY ORDERED that Defendant's Section 3582 Motion is **DENIED** for the reasons stated below:

1. Pursuant to 18 U.S.C. § 3582(c)(2), the Court may alter a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

2. In *United States v. Doe*, 564 F.3d 305, 312 (3d Cir. 2009), the Third Circuit held: "[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." In *Doe*, the Court found that a defendant was not eligible for sentence reduction pursuant to Section 3582 because he was subject to a statutory mandatory minimum sentence of imprisonment. *See id.*

2. Here, the Court applied the United States Sentencing Commission's 2010 and 2011 amendments to Defendant's drug weight calculation and found a Base Offense Level of 28. This was the correct calculation because it was undisputed that the offense involved between 112 and 196 grams of cocaine base, specifically 131 grams.

3. Thus, Defendant has already received the benefit of the Sentencing Commission's 2010 and 2011 amendments, as his guidelines were calculated pursuant to these amendments. Accordingly, the Court does not have authority pursuant to Section 3582(c) to reduce Defendant's sentence.

4. It was also undisputed at sentencing that because Defendant's offense involved possession with intent to distribute 131 grams of cocaine base, he was subject to a statutory mandatory minimum sentence of 60 months incarceration, which the Court imposed.

Defendant's contention that he should not be subjected to the statutory mandatory minimum sentence because he pled guilty to an Information charging him with possession with intent to distribute only at least five grams of cocaine base – and his related assertions of violations of his rights to equal protection and effective assistance of counsel – do not provide grounds for relief pursuant to Section 3582.

5. To the extent Defendant believes he has a right to seek relief pursuant to 28 U.S.C. § 2255, he may pursue such a remedy. *See generally Dillon v. United States*, 130 S. Ct. 2683, 1691-92 (2010) (describing "limited nature of § 3582(c) proceedings"). In light of the strict limitations on second or successive petitions, the Court will not treat Defendant's pending request as such a petition.

November 21, 2012            UNITED STATES DISTRICT JUDGE

4